IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GOMEZ T. COOK,

    Petitioner,

vs.
                                                        CASE NO. 1:05cv135-MP/WCS

JAMES McDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is pending upon an amended petition for writ of habeas corpus filed by Gomez T. Cook pursuant to 28 U.S.C. § 2254. Doc. 15. Petitioner challenges his conviction after trial by jury and sentence of life imprisonment for armed robbery in the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida, case number 2000-4245-CFB. The amended petition contains the first three claims as presented in the initial petition, doc. 1, and a new ground four.

Respondent filed an answer in response to the three claims in the initial petition. Doc. 12. Respondent also filed the state record. Doc. 13. Respondent filed a supplemental response to the fourth claim in the amended petition. Doc. 21. Petitioner

filed a traverse to the first answer, doc. 19, and a reply to the supplemental answer, doc. 22.

The initial responses to this petitioner were not sufficient for the court to adjudicate Petitioner's claims. The problems are set forth in the order of November 1, 2006 (document 23), which is incorporated herein by reference. In response to that order, Respondent filed a second supplemental answer. Doc. 27. Petitioner filed a supplemental traverse. Doc. 28.

The second supplemental response presents a much more thorough analysis of Petitioner's claims, showing that this petition fails for many independent reasons. I have not discussed all of the reasons that the petition must fail, but have selected the central reasons. I also will follow the analysis presented in the second supplemental response rather than try to untangle the claims and the trial court's rulings.

Respondent concedes that the petition was timely filed. Exhibits referenced in this report and recommendation are those filed in paper form as document 13.

**Grounds One and Four**

Petitioner argues in ground one that counsel was ineffective for failing to move for judgment of acquittal correctly.[1] He argues that when he was confronted in the

---

[1] A claim of ineffective assistance of counsel requires proof of both attorney error and prejudice to the outcome. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). With regard to attorney error, "[t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . . [T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. To show prejudice, a claimant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability

liquor store trying to steal two bottles of wine, he dropped the bottles and fled. He asserts that he did not threaten his pursuer with a knife until he was at the vehicle that awaited him. He asserts that the use of force occurred after he had abandoned his attempts to steal the wine and therefore the evidence was not sufficient to sustain a conviction for armed robbery. Petitioner contends his counsel was ineffective in arguing this issue.

Alternatively, Petitioner argues in grounds one and four that he was denied due process because his conviction on the evidence was "fundamental error." This is read as a claim that the trial was fundamentally unfair due to insufficiency of evidence.[2] In ground four, Petitioner additionally argues that the knife was too small to be a deadly weapon *until it was used* as a deadly weapon, and he contends that he did not so use the weapon until after he had abandoned the property.

The due process claim should be addressed first. Respondent correctly argues that the sufficiency of the evidence claims were not presented on direct appeal as federal due process claims. Petitioner only argued state law claims concerning the ruling on the motion for judgment of acquittal. Doc. 13, Ex. E, pp.1-11. Petitioner did not argue fundamental error and did not argue a denial of federal due process. The

---

is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068. Failure to demonstrate either inadequate performance or prejudice to the outcome is dispositive of the claim against the petitioner. 466 U.S. at 697, 104 S.Ct. at 2069.

[2] The federal standard for this due process claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

claim was not properly exhausted in state court and is now procedurally barred. For this court to reach the merits of the due process claim, Petitioner must show cause and prejudice to the outcome.[3]

It is more efficient to consider prejudice to the outcome first. At the trial, Gregory, a manager in an Albertson's liquor store, testified that he saw Petitioner tuck something into his clothing. *Id.*, Ex. B, p. 33. He said that as Petitioner was walking toward the front door, he (Gregory) stepped in front of Petitioner and asked him to stop. *Id.* Petitioner shoved Gregory out of the way and threw a bottle to the floor where it "exploded." *Id.* Gregory said that Petitioner threw the other bottle to the floor as Petitioner was going out the door and that bottle also exploded. *Id.* Petitioner "went to the car" and Gregory pursued. *Id.* Gregory said that as Petitioner got to the waiting car, Petitioner turned, displayed a knife, and said "get back or something to that effect." *Id.* Gregory described the blade as about 4 inches long. *Id.*, p. 34. Gregory said that he backed off for "fear of personal harm." *Id.* Had Petitioner not brandished the knife, Gregory said he would have tried to detain Petitioner. *Id.*, p. 35.

---

[3] "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard). If a claim was not fairly presented but is procedurally barred from further state court review, Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

Gregory said that the wine was worth $115 a bottle.  *Id.*, p. 50.  While Gregory did not testify as to what sort of wine this was, Petitioner's attorney represented in a question and later in closing argument that these were bottles of Dom Perignon.  *Id.*, pp. 47, 160.  If the bottles contained champagne, that would explain the explosion when the bottles broke.

Florida has a considerable amount of law concerning the connection of the taking and the force and violence used necessary to constitute the offense of robbery, and Respondent has provided a very good summary of that law.  To dispose of this claim, however, this court needs only the following:

> A conviction for the crime of robbery requires proof that money or other property was taken from the victim and that the offender used force or violence "in the course of the taking."  See § 812.13(1), Fla. Stat. (1997).  The temporal relationship between the use of force and the taking of the property is addressed in section 812.13(3)(b), which provides that "[a]n act shall be deemed 'in the course of the taking' if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events."  As this definition reveals, the statute is not limited to situations in which the defendant has used force at the precise time the property is taken.
>
> On the contrary, section 812.13, Florida Statutes incorporates the modern view that a robbery can be proven by evidence of force used to elude the victim or to retain the victim's property once it has been taken.  See Wayne R. LaFave and Austin W. Scott, Jr., SUBSTANTIVE CRIMINAL LAW § 8.11(e) (1986).  The rationale for this view is that the force used in the flight after the taking of property is no different from that used to effect the taking.  As explained in the Comments to the Model Penal Code, "[t]he thief's willingness to use force against those who would restrain him in flight suggests that he would have employed force to effect the theft had the need arisen."  Model Penal Code § 222.1, comment at 104 (1980).  Based on the language of section 812.13, the Florida courts have held that the crime of robbery can be proven by evidence that the defendant used force against the victim after the taking has been completed.  *See, e.g., Lemus v. State*, 641 So.2d 177 (Fla. 5th DCA 1994) (force used to resist a security guard was sufficient to support a conviction for robbery, even though the defendant used no force to take the items from the store);

> *Santilli v. State*, 570 So.2d 400 (Fla. 5th DCA 1990) (force used during the defendant's attempted flight from the scene of a shoplifting was sufficient to elevate the shoplifting to a robbery); *Rumph v. State*, 544 So.2d 1150 (Fla. 5th DCA 1989) (force used to shove a store clerk out of the way was sufficient to sustain a conviction for robbery). The common feature of these cases is that in each case there was no break in the chain of events between the taking and the use of force.

Messina v. State, 728 So.2d 818, 819 (Fla. 1st DCA 1999). *See also* Pray v. Crosby, No. 1:04cv381-MP/WCS, 2006 WL 680821, *4 (N.D. Fla. 2006).

The court in Messina distinguished its result from Simmons v. State, 551 So.2d 607 (Fla. 5th DCA 1989), where the thief had abandoned the property before using force against the victim. 728 So. 2d at 819. *See also* Garcia v. State, 614 So. 2d 568 (Fla. 2d DCA 1993) (property taken without putting victim in fear and then abandoned before force used) ; Baker v. State, 540 So. 2d 847 (Fla. 3d DCA 1989) (same). Petitioner relies on these latter cases for his claim in ground one.

The argument that Petitioner "abandoned" the two bottles of wine fails in fact and law for it overlooks what happened to the bottles. A "taking" is an element of the offense of robbery. FLA. STAT. § 812.13(1) provides: " 'Robbery' means the *taking* of money or other property which may be the subject of larceny from the person or custody of another, *with intent to either permanently or temporarily deprive the person* or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." (Emphasis added.) The State's evidence is that Petitioner intentionally destroyed the bottles with intent to permanently deprive the owner thereof. When the bottles were intentionally destroyed, the bottles and their contents were irrevocably "taken." Ex. B., p. 55 (by breaking them, Petitioner permanently deprived the owner of them). The property no longer could have been

"abandoned." Petitioner might have stopped there and been only guilty of shoplifting, a form of larceny, but he did not. Petitioner used force and violence in his attempt to flee. When pursued by Gregory to the car, Petitioner brandished a knife to put Gregory in fear so that Petitioner could escape in the waiting car. It did not matter what size the knife was; it was used as a deadly weapon. J.M. v. State, 872 So.2d 985, 986-987 (Fla. 1st DCA 2004). The court need not consider the violent acts of throwing the bottles down and pushing Gregory to get out of the store because the use of the knife to escape was enough to provide proof of the element of force and violence.

Petitioner cannot show prejudice to the outcome for his procedural default because the underlying claim is without merit. He, therefore, cannot over come his procedural default. And even if the claim were not procedurally defaulted, it fails directly on the merits. "An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Likewise, the ineffective assistance of counsel claim in ground one must fail because Petitioner cannot demonstrate either attorney error for failing to raise the claim or prejudice to the outcome. Accordingly, both grounds one and four afford no relief.

**Ground Two**

Petitioner contends that his attorney was ineffective for failing to move for a mistrial when similar fact evidence was presented in violation of the trial court's order on Petitioner's motion *in limine*. The evidence concerned an encounter between Petitioner and Gregory a few days earlier. Petitioner asserts that the trial court had ruled before trial that this encounter could not be characterized as an "incident" as that would imply

that the encounter was criminal in nature. He faults counsel for failing to make an objection when this evidence came in.

Petitioner also contends that counsel should have objected and moved for a mistrial due to portions of the prosecution's closing argument. Doc. 15, p. 5j. The portions at issue here are when the prosecutor said that Petitioner used a knife in the course of a taking, said that Petitioner "physically hit Mr. Gregory," and represented that Gregory said he stepped back in fear of his life. Ex. B, pp. 155-157.

Respondent concedes exhaustion of state court remedies as to these claims and argues the merits. The record of the trial court rulings as to this evidence is the following. The trial court said that it did not have any problem with Gregory testifying that he had seen Petitioner before, but would not allow him to testify that Petitioner "might have been involved with a prior shoplifting," unless this was "similar fact evidence" and "proper notice" had been given. Ex. B, p. 5. The court said "I'm not going to allow you to introduce any evidence of any prior criminal act." *Id.*, p. 6. The court said that Gregory would be allowed to testify that he had seen Petitioner before as a shopper who came into the store. *Id.* When asked, "So, Your Honor, your ruling is you're not going to allow the witness to say there was a prior incident," the court said: "What did I just tell you?" *Id.*, p. 7. The court said "you cannot introduce, cannot use the word incident or any type of word that might cause this jury to come to the conclusion that there has been some prior criminal episode that would have attracted – no, that's not going to come in." *Id.* The prosecutor then asked, "But since the Court's ruling is that this witness, after seeing him, calls for individuals to come over to the

store, and he's going to testify to that, is that violating the court's ruling," and the court said "no, it isn't." *Id.*, pp. 7-8.

At trial, Gregory was asked: "And all the incidents that we're going to talk to [sic] occurred in that Albertson's store?" Ex. B, p. 31. Gregory said "yes." In response to the next question, "go ahead," Gregory said: "I recognized him. I immediately went to the front to the intercom, called the security code." *Id.*, p. 32. He explained that "that is to notify everyone in the store that there is a situation that is either taking place or will take place." *Id.* Gregory called the security code before he saw Petitioner tuck something into his clothing. *Id.*

That exchange did not violate the trial court's ruling. Indeed, it was expressly permitted by the trial court. There was no mention of any prior criminal incident. Consequently, Petitioner's lawyer had no objection to make. The state court's adjudication of the merits of this part of Petitioner's ineffective assistance of counsel claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

The second portion of the claim is without merit. There was evidence that Petitioner pushed Gregory, that is, he "physically hit" him. There was evidence that Gregory stepped back and did not further pursue Petitioner after Petitioner brandished the knife because Gregory was in fear. The prosecutor's arguments were fair comment on the evidence. Ground two affords no relief.

**Ground Three**

Petitioner contends that his attorney was ineffective for failing to object to the trial court's improper reading of the instruction on the lesser included offense of theft. The claim as made in this court differs from the claim made in the Rule 3.850 motion. In this court, Petitioner asserts that the court *only* instructed that if you find the Petitioner guilty of theft, you must determine that the value of the property was less than $300. Doc. 15, p. 5m. This is probably a mistake as in his Rule 3.850 motion, Petitioner faulted the court for *failing* to give this instruction as to value. Ex. I, p. 8.

The trial court found that the record did not support the Rule 3.850, that the court did not improperly instruct as to the lesser included offense of theft. Ex. J, p. 2. The trial court's ruling is supported by the record. The elements of theft were fully explained. Ex. B, p. 179-180. The court instructed that "property means anything of value . . . ." *Id.*, p. 180. The court instructed the jury how to find the market value of the property. *Id.*, p. 181. The court instructed that if the exact value of the property cannot be ascertained, a value of less than $300 must be assigned. *Id.* The evidence was that the property had a market value of $230.

The jury was not misled by these instructions. It had all the information it needed to return a verdict of the lesser included offense of theft of property of a value less than $300. The state court's adjudication of the merits of this ineffective assistance of counsel claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Conclusion**

Accordingly, it is **RECOMMENDED** that 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Gomez T. Cook, challenging his conviction and sentence for armed robbery in the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida, case number 2000-4245-CFB, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on January 10, 2007.


s/    William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**