IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


GOMEZ T. COOK,

    Petitioner,
v.                                                                               CASE NO. 1:05-cv-00135-MP-WCS

JAMES MCDONOUGH,

    Respondent.
_____/

**O R D E R**

        This matter is before the Court on Doc. 29, Report and Recommendation of the Magistrate Judge, recommending that Petitioner's amended petition for writ of habeas corpus, Doc.15, be denied, and this cause be dismissed with prejudice. The Magistrate Judge filed the Report and Recommendation on Wednesday, January 10, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

        Petitioner Cook was convicted in state court of armed robbery, and sentenced to life imprisonment. Petitioner timely filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his amended petition, Petitioner presents four grounds challenging his conviction, all alleging various instances of ineffective assistance of counsel, and grounds one and four alleging insufficient evidence in his trial resulting in a violation of Petitioner's due process rights. The Court agrees with the Magistrate that since Petitioner only argued state-law claims in his Rule 3.850 motion, he has failed to properly exhaust the federal issues presented in grounds one and four, and therefore Petitioner is procedurally barred from raising these

arguments in his petition.  The Court also agrees with the Magistrate that Petitioner cannot show prejudice for the procedural default since both the due process claim and the ineffective assistance claim in these grounds are without merit.

Petitioner did fairly present the arguments raised in grounds two and three to the state court on post-conviction review, and therefore both grounds will be considered on their merits. However, Petitioner is entitled to relief only if the state court's adjudication of the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  In ground two, Petitioner contends that trial counsel rendered constitutionally deficient assistance by not objecting to the introduction of certain evidence and moving for a mistrial, and for not objecting to the prosecution's closing argument and moving for a mistrial. The record shows that because defense counsel had no valid objection to make in either case, the state court's ruling was not contrary to, or an unreasonable application of, <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

In ground three, Petitioner argues that his attorney was ineffective for failing to object to the jury instructions read by the trial court.  On review, the state court found that the trial court properly instructed the jury as to the lesser included offense of theft.  Again, because the instructions allowed the jury to convict Petitioner of the lesser included offense, defense counsel had no objection to make, and the state court's adjudication of the merits was not contrary to, or an unreasonable application of, <u>Strickland</u>.

In his objections to the Magistrate's Report and Recommendation, Petitioner admits that grounds one and four were not raised in state court, but argues that the merits of these claims

should be addressed despite the default.  The Magistrate's Report addressed the claims and found both grounds to be without merit.  The fact that Petitioner threatened the manager with a knife so that he could avoid capture after Petitioner had already smashed the champagne he was stealing is enough to sustain a conviction for armed robbery under Florida law.  The Court agrees with the Magistrate that the "taking" was complete once the champagne was destroyed, and that Petitioner could no longer abandon his crime.  Therefore, when Petitioner brandished a knife immediately following, it was temporally proximate to the taking and constituted armed robbery.  Petitioner's other objections reiterate the arguments raised in his petition, namely, that evidence of prior bad acts was introduced contrary to the order of the trial court, that the jury was not properly instructed, and that counsel was ineffective for not objecting to either.  As previously discussed, these arguments are without merit.  No prior "bad act" evidence was introduced at trial, and the instructions to the jury properly instructed them on the lesser included offense of theft.

Therefore, having considered the Report and Recommendation, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 29, is adopted and incorporated by reference in this order;

2. Petitioner's petition for writ of habeas corpus, Doc.15, is denied, and this case is dismissed with prejudice.

**DONE AND ORDERED** this   *30th* day of January, 2007

                                             *s/Maurice M. Paul*
                                      Maurice M. Paul, Senior District Judge